UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN

___

THE ESTATE OF ZOEY CHAFER,
by its Special Administrator
MICHAEL CHAFER,

    Plaintiff,

v.                                                                                   Case No. _____

SAWYER COUNTY;
KARLA KAY (in her individual and official capacity);
RUTH ANNE GILLMOR (in her individual capacity);
KASSIDY GRUEL (in her individual capacity); and
DOMINIC FALKNER (in his individual capacity);

    Defendants.

___

## COMPLAINT
___

NOW COMES THE PLAINTIFF, The Estate of Zoey Chafer, by its Special Administrator Michael Chafer, by its attorneys, Gingras, Thomsen & Wachs by Paul A. Kinne, and Novitzke, Gust, Sempf, Whitley & Bergmanis, by Timothy T. Sempf, who hereby states the following as the Complaint in the above-referenced matter.

### NATURE OF PROCEEDINGS

1.    This is a civil action under 42 U.S.C. sec. 1983, the Fourteenth Amendment to the United States Constitution, including but not limited to the Substantive Due Process Clause, brought to redress the defendants' harm caused to Zoey Chafer when the defendants violated her rights as protected by the Fourteenth Amendment, leading to physical injury and her death.

### PARTIES

2.    At all times relevant to this action, Zoey Chafer (Zoey) was minor child resident of

the State of Wisconsin. She died on July 28, 2021. Accordingly, her estate, by Special Administrator Michael Chafer (her father), is the proper plaintiff.

3. Sawyer County is a municipal corporation organized pursuant to the laws of the State of Wisconsin.

4. At all times relevant hereto, Karla Kay (Kay) was the Director of the Sawyer County Department of Health and Human Services. With respect to the allegations in this complaint, she was acting under color of state law and within the scope of her employment. Her actions were intentional or deliberately indifferent.

5. At all times relevant hereto, Ruth Gillmor (Gillmor) worked for the Sawyer County Department of Health and Human Services as a children's long term care case manager. With respect to the allegations in this complaint, she was acting under color of state law and within the scope of her employment. Her actions were intentional or deliberately indifferent.

6. At all times relevant hereto, Kassidy Gruel (Gruel) was a child protective services caseworker with Sawyer County. With respect to the allegations in this complaint, she was acting under color of state law and within the scope of her employment. Her actions were intentional or deliberately indifferent.

7. At all times relevant hereto, Dominic Falkner (Falkner) has been a Sawyer County approved caregiver. All actions attributed to him in this complaint were undertaken in his individual capacity, under color of state law and within the scope of his employment. Moreover, his actions were intentional and / or reckless.

**JURDISDICTION and VENUE**

8. This court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. sec. 1983,

the Fourteenth Amendment to the United States Constitution, and 28 U.S.C. secs. 1331 and 1343.

9. Venue in the Western District of Wisconsin pursuant to 28 U.S.C. sec. 1391 is proper insofar as the defendants are located in this district, and the events giving rise to the claims took place within this district.

**FACTUAL ALLEGATIONS**

10. Sawyer County operates a Department of Health and Human Services (DHHS).

11. As one of its responsibilities, DHHS approves individuals to act as caregivers for disabled children living in Sawyer County.

12. As part of that responsibility, DHHS determines that any approved caregiver is safe to care for children. That is, as part of the caregiver approval process, DHHS is required to identify dangerous individuals and prevent them from working with children.

13. Once an individual is an approved caregiver, that individual is paid to care for children by Sawyer County.

14. Zoey was born on April 10, 2017. She was the daughter of Samantha Smith (Smith) and Michael Chafer.

15. From birth, Zoey suffered from cerebral palsy. She was profoundly disabled. Throughout her life, she was dependent upon others for her most basic needs, and she could only eat and drink through a feeding tube.

16. In 2020 and thereafter, Smith and Michael Chafer did not cohabitate. Zoey lived part of the time with Smith, and part of the time with Michael Chafer.

17. In August 2020, Smith and Falkner began to cohabitate. Accordingly, Falkner lived with Zoey.

18. At or prior to the time of their cohabitation, Sawyer County, Kay and / or Gillmor approved Falkner to be a caregiver; particularly, to be Zoey's caregiver.

19. At the time of that approval, Sawyer County, Kay and / or Gillmor should have known that Falkner was a danger to children generally and to Zoey in particular.

20. Sawyer County paid Falkner to be Zoey's caretaker.

21. After Falkner began living with Zoey, Zoey suffered numerous injuries. From October 2020 through July 2021, those injuries included but are not limited to a broken tibia, broken vertebra, a broken arm, a broken collar bone, two broken legs, a black eye and facial and cranial swelling.

22. Michael Chafer brought his concerns over Zoey's injuries and Falkner's treatment of Zoey to the attention of Sawyer County, Kay, Gillmor and / or Gruel. On information and belief, Sawyer County, Kay, Gillmor and / or Gruel were aware of these injuries and that Falkner was the cause of the injuries from sources other than Michael Chafer, as well.

23. Sawyer County, including Kay, Gillmor and / or Gruel, affirmatively approved of Falkner continuing to act as an approved caregiver. Sawyer County, including Kay, Gillmor and / or Gruel forced Zoey to live with a man they knew was injuring her, or they were deliberately indifferent to the abuse.

24. On July 28, 2021, Falkner was responsible for caring for Zoey.

25. In the morning of July 28, 2021, Falkner placed a large amount of alcohol in Zoey's feeding tube, which killed her later that day.

26. On July 28, 2021, Falkner was continuing to be paid by Sawyer County to be Zoey's caregiver.

## CAUSE OF ACTION AGAINST SAWYER COUNTY AND KAY
### OFFICIAL CAPACITY CLAIM

27. Plaintiff states the preceding paragraphs as if set forth fully herein.

28. Kay, in her role as the Director of DHHS, had policy making authority for the department.

29. Sawyer County and Kay had a special relationship with Zoey in that Sawyer County and Kay, through the policies of DHHS, played a role in protecting Zoey from dangerous caregivers.

30. The policies, procedures and / or protocols in place at DHHS to protect children from dangerous caregivers in Sawyer County violated Zoey's rights as set forth in the Fourteenth Amendment to the United States Constitution, because the policies, procedures, practices and / or protocols demonstrated a deliberate indifference to the approval of dangerous caregivers.

31. Additionally, and / or alternatively, procedures and / or protocols in place at DHHS to protect children from dangerous caregivers in Sawyer County violated Zoey's rights as set forth in the Fourteenth Amendment to the United States Constitution, because the policies, procedures, practices and / or protocols placed Zoey in a zone danger.

32. This violation of Zoey's rights caused her serious harm, including her death.

## CAUSE OF ACTION AGAINST KAY, GILLMOR AND GRUEL
### INDIVIDUAL CAPACITY CLAIMS

33. Plaintiff states the preceding paragraphs as if set forth fully herein.

34. Kay, Gillmor and / or Gruel had a special relationship with Zoey in that, through their respective roles at Sawyer County, they were responsible to protect Zoey from dangerous caregivers.

5

35. Kay, Gillmor and / or Gruel, by engaging in the conduct described in this complaint, violated Zoey's rights as protected by the United States Constitution, specifically the Fourteenth Amendment, as applied to the states by 42 U.S.C. sec. 1983, when they intentionally subjected Zoey to the hands of Falkner's abuse, or were deliberately indifferent to that abuse.

36. Alternatively, Kay, Gillmor and / or Gruel, by engaging in the conduct described in this complaint, violated Zoey's rights as protected by the United States Constitution, specifically the Fourteenth Amendment, when they placed Zoey in a zone of danger.

37. This conduct has caused harm to Zoey, including her death.

### CAUSE OF ACTION AGAINST FALKNER
### INDIVIDUAL CAPACITY CLAIM

38. Plaintiff states the preceding paragraphs as if set forth fully herein.

39. Falkner had a special relationship with Zoey because he was a Sawyer County approved caregiver.

40. By engaging in the conduct described in this complaint, Falkner violated Zoey's rights as protected by the United States Constitution, specifically the Fourteenth Amendment, as applied to the states by 42 U.S.C. sec. 1983, when he intentionally injured her and ultimately killed her.

**WHEREFORE**, the plaintiff demands a trial by jury and the following relief:

1. Judgment in an amount sufficient to compensate the plaintiff for her injuries and losses;
2. Pre- and post-judgment interest;
3. An award of punitive damages on the individual capacity claims;
4. An award of attorneys' fees and costs; and

5. Any other relief the Court deems just to award.

Dated this 6th day of June, 2023.

**NOVITZKE, GUST, SEMPF, WHITLEY & BERGMANIS**

*s/ Timothy T. Sempf*
Attorney Timothy T. Sempf
State Bar No. 1019141
314 Keller Avenue North, Ste. 200
Amery, WI 54001
Telephone: 715-268-6130
Fax: 715-268-7890

**GINGRAS, THOMSEN & WACHS**

*s/ Paul A. Kinne*
Attorney Paul A. Kinne
State Bar No. 1021493
8150 Excelsior Drive
Madison, WI 53717
Telephone: 608-833-2632
Fax: 608-833-2874
kinne@gtwlawyers.com

*Attorneys for Plaintiff*